UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

TAMEKA BROWNING,
    Plaintiff,

-vs-                              Case No.
                                  Hon.
                                  **DEMAND FOR JURY TRIAL**

LOCAL PERK, INC.,
d/b/a MLC MOTOR CARS, and
SANTANDER CONSUMER USA, INC.,
    Defendants.

## COMPLAINT & JURY DEMAND

*Tameka Browning the following claims for relief:*

### Jurisdiction

1. This court has jurisdiction under the Truth In Lending Act ("TILA"), 15 U.S.C. § 1640(e), the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. §§ 1691 *et seq*, and 28 U.S.C. §§ 1331 and 1337.

2. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims under 28 U.S.C. § 1367.

### Parties

3. The Plaintiff to this lawsuit is Tameka Browning, who resides in Wayne County, Michigan.

4. The Defendants to this lawsuit are as follows:

    a.    Local Perk, Inc. ("MLC Motor Cars"), which is a domestic corporation doing business in Michigan.

    b.    Santander Consumer USA, Inc. ("Santander"), which is a foreign corporation doing business in Michigan.

## Venue

5. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

6. Ms. Browning resides in Wayne County, Michigan.

7. Venue is proper in the Eastern District of Michigan.

## General Allegations

8. On or about January 28, 2016, Ms. Browning went to MLC Motor Cars for the purpose of purchasing a vehicle.

9. Ms. Browning ultimately decided to purchase a 2015 Ford Fusion, VIN# 3FA6P0HD2FR138215 ("the vehicle")

10. MLC Motor Cars requested that Ms. Browning provide information for a credit application.

11. Ms. Browning accurately and truthfully provided information concerning the credit application.

12. Ms. Browning provided proof of her income and employment to MLC Motor

Cars at the time of the credit application.

13. MLC Motor Cars informed Ms. Browning that she had been approved for credit and that Santander would purchase the installment contract from MLC Motor Cars at the time of sale.

14. Ms. Browning executed a purchase agreement and a retail installment contract with MLC Motor Cars for the purchase of the vehicle.

15. The retail installment contract identifies MLC Motor Cars as the "Seller-Creditor."

16. Following the execution of the retail installment contract, MLC Motor Cars assigned the retail installment contract to Santander.

17. Ms. Browning traded-in a 2003 Chevrolet Impala as her down payment toward her purchase of the vehicle.

18. In exchange for the trade-in vehicle, MLC Motor Cars applied $700.00 toward the retail installment contract as Ms. Browning's down payment for the vehicle.

19. The vehicle constitutes a "good" under Article 2 of the Uniform Commercial Code ("UCC"), M.C.L. § 440.2101 *et seq*.

20. Approximately one week after Ms. Browning purchased the vehicle, MLC Motor Cars informed Ms. Browning that Santander would not finance the

purchase of the vehicle.

21. MLC Motor Cars further informed Ms. Browning that she would have to return the vehicle to MLC Motor Cars if financing could not be obtained for her.

22. After Santander declined to finance Ms. Browning's purchase of the vehicle, MLC Motor Cars made additional attempts to obtain financing for Ms. Browning.

23. MLC Motor Cars did not secure third-party financing for Ms. Browning for the purchase of the vehicle.

24. On or about February 11, 2016, MLC Motor Cars took possession of the vehicle.

25. MLC Motor Cars' repossession of the vehicle was wrongful and without legal right.

26. MLC Motor Cars never sent any correspondence to Ms. Browning advising her of the repossession or adverse action.

27. MLC Motor Cars never returned $700.00 to Ms. Browning for the value of Ms. Browning's trade-in vehicle.

28. MLC Motor Cars has a policy and practice of spot delivering vehicles and repossessing those vehicles if they are unable to fund the sales of those vehicles.

## Background as to MLC Motor Cars

29. MLC Motor Cars identifies itself as the "creditor" or "seller-creditor" in every credit transaction it engages with a consumer where it executes a retail installment contract.

30. MLC Motor Cars regularly receives credit application data from consumers.

31. MLC Motor Cars regularly processes that data.

32. MLC Motor Cars regularly accesses and uses consumer reporting data for the purpose of evaluating the creditworthiness of consumers.

33. MLC Motor Cars selects creditors to whom it may assign retail installment contracts.

34. MLC Motor Cars proposes terms of credit to customers and third-parties to whom it assigns retail installment contracts, including down payment amounts, interest amounts, payment amounts and amounts financed.

35. MLC Motor Cars ultimately sets the terms of credit between itself and its customers.

## COUNT I – TILA, 15 U.S.C. § 1601 *et seq.*
## (MLC Motor Cars)

36. Ms. Browning incorporates the preceding allegations by reference.

37. MLC Motor Cars is a "creditor" under TILA, 15 U.S.C. § 1602(f) and

Regulation Z § 226.2(a)(17).

38. MLC Motor Cars holds a license as a retail instalment seller of motor vehicles under M.C.L. § 492.101 *et seq.*

39. The TILA disclosures provided by MLC Motor Cars failed to disclose that MLC Motor Cars would retake the vehicle if MLC Motor Cars could not find a willing assignee.

40. This undisclosed term operated as a "demand feature" for purposes of TILA.

41. TILA required MLC Motor Cars to disclose any demand feature along with the other segregated disclosures.

42. MLC Motor Cars violated TILA by failing to disclose this demand feature.

43. MLC Motor Cars's failure to disclose that MLC Motor Cars would retake the vehicle if MLC Motor Cars could not find a willing assignee rendered the TILA disclosures provided by MLC Motor Cars to be illusory and not meaningful for purposes of TILA.

44. Ms. Browning suffered damages as a result of these violations of TILA.

## COUNT II – ECOA, 15 U.S.C. § 1691 *et seq.*
## (MLC Motor Cars)

45. Ms. Browning incorporates the preceding allegations by reference.

46. MLC Motor Cars participates in credit decisions in relation to its credit

customers.

47. MLC Motor Cars regularly participates in the profit generated by credit contracts in the form of "dealer participation" or "reserve" amounts.

48. No third party has the authority to direct MLC Motor Cars to execute any particular retail installment sales contract, including the one between MLC Motor Cars and Ms. Browning.

49. Following the receipt of the complete application for credit by Ms. Browning, MLC Motor Cars was required to make a credit decision within thirty days.

50. Initially, MLC Motor Cars approved Ms. Browning for credit and executed a retail installment contract for the financing of the vehicle.

51. Subsequently, after MLC Motor Cars could not find a willing assignee of the retail installment contract, MLC Motor Cars revoked its approval of credit to Ms. Browning and/or terminated its extension of credit to Ms. Browning.

52. That action by MLC Motor Cars constituted an adverse action for purposes of ECOA.

53. MLC Motor Cars failed to issue an adverse action notice to Ms. Browning.

54. ECOA requires users of consumer credit reports who take adverse actions to issue adverse action notices to those consumers.

55. Upon information and belief, MLC Motor Cars has no policies or procedures

in place to comply with ECOA's adverse action notice requirements.

56. This failure to issue an adverse action notice constituted a violation of ECOA by MLC Motor Cars.

57. The initial credit approval by MLC Motor Cars was false.

58. MLC Motor Cars knew the approval to be false at the time it was issued.

59. The false credit approval by MLC Motor Cars violated ECOA.

60. Ms. Browning suffered damages as a result of these violations of ECOA.

### COUNT III – Statutory Conversion, M.C.L. § 600.2919a
### (MLC Motor Cars)

61. Ms. Browning incorporates the preceding allegations by reference.

62. After obtaining Ms. Browning's signature on all documents necessary to convey title and complete the financing of the vehicle, MLC Motor Cars delivered the vehicle to Ms. Browning.

63. MLC Motor Cars took possession of the vehicle from Ms. Browning.

64. MLC Motor Cars had no right to possess the vehicle.

65. MLC Motor Cars was not acting on behalf of any individual or entity with the right to possess the vehicle.

66. MLC Motor Cars illegally retook possession of the vehicle without the permission of Ms. Browning or other legal authorization.

67. MLC Motor Cars' actions in taking possession of the vehicle were willful or intentional and in derogation of the contract of sale.

68. These acts constitute a willful or intentional conversion under M.C.L. § 600.2919a.

69. Ms. Browning suffered damages as a result of this violation of the Michigan conversion statute.

### COUNT IV – Common Law Conversion
### (MLC Motor Cars)

70. Ms. Browning incorporates the preceding allegations by reference.

71. MLC Motor Cars converted the vehicle.

72. Ms. Browning suffered damages as a result of this conversion.

### COUNT V – Motor Vehicle Sales Finance Act, M.C.L. § 492.101 *et seq.*
### (MLC Motor Cars)

73. Ms. Browning incorporates the preceding allegations by reference.

74. This claim is brought under the Michigan Motor Vehicle Sales Finance Act ("MVSFA"), M.C.L. § 492.101 *et seq*.

75. MLC Motor Cars failed to properly include in the retail installment contract each and every one of the material terms of the installment sale, and omitted the single most relevant term, namely whether the deal was final or conditional, in violation of M.C.L. § 492 112(a).

76. Ms. Browning suffered damages as a result of this violation of the MVSFA.

### COUNT VI – UCC Article 9, M.C.L. § 440.9101 *et seq.*
### (MLC Motor Cars)

77. Ms. Browning incorporates the preceding allegations by reference.

78. This claim is brought under Article 9 of the UCC, M.C.L. § 440.9101 *et seq*.

79. MLC Motor Cars effected this repossession wrongfully and without legal right.

80. As a result of this wrongful repossession, MLC Motor Cars violated Article 9 of the UCC, M.C.L. § 4409.9609.

81. MLC Motor Cars failed to send to Ms. Browning a proper notice of intent to dispose of the vehicle.

82. The failure to send this notice constituted a violation of Article 9 of the UCC, M.C.L. § 440.9611.

83. Ms. Browning suffered damages as a result of these violations of Article 9 of the UCC.

### COUNT VII – Motor Vehicle Installment Sales Contract Act,
### M.C.L. § 566.301 *et seq.*
### (MLC Motor Cars)

84. Ms. Browning incorporates the preceding allegations by reference.

85. This claim is brought under the Michigan Motor Vehicle Installment Sales Contract Act ("MVISCA"), M.C.L. § 566.301 *et seq*.

86. MLC Motor Cars failed to properly complete all necessary terms of the installment contract as required by MVISCA.

87. Ms. Browning suffered damages as a result of this violation of MVISCA.

### COUNT VIII – Breach of Contract
### (MLC Motor Cars)

88. Ms. Browning incorporates the preceding allegations by reference.

89. The failure of MLC Motor Cars to deliver title to the vehicle to Ms. Browning and the illegal repossession of the vehicle constitutes a material breach of contract.

90. Ms. Browning suffered damages as a result of this breach of contract.

### COUNT IX – Breach of Warranty of Title
### (MLC Motor Cars)

91. Ms. Browning incorporates the preceding allegations by reference.

92. MLC Motor Cars breached its warranty of title by illegally repossessing the vehicle.

93. Ms. Browning suffered damages as a result of these breaches of warranty.

### COUNT X – ECOA, 15 U.S.C. § 1691 *et seq.*
### (Santander)

94. Ms. Browning incorporates the preceding allegations by reference.

95. Following its receipt of the complete application for credit by Ms. Browning,

11

Santander was required to make a credit decision within thirty days.

96. Santander declined to extend credit to Ms. Browning.

97. Alternatively, Santander initially approved Ms. Browning's application for credit and subsequently revoked its approval of credit to Ms. Browning and/or terminated its extension of credit to Ms. Browning.

98. In any event, Santander's action constituted an adverse action for purposes of ECOA.

99. Santander failed to issue an adverse action notice to Ms. Browning.

100. ECOA requires users of consumer credit reports who take adverse actions to issue adverse action notices to those consumers.

101. Upon information and belief, Santander has no policies or procedures in place to comply with ECOA's adverse action notice requirements.

102. This failure to issue an adverse action notice constituted a violation of ECOA by Santander.

103. The initial credit approval by Santander was false.

104. Santander knew the approval to be false at the time it was issued.

105. The false credit approval by Santander violated ECOA.

106. Ms. Browning suffered damages as a result of these violations of ECOA.

## Jury Demand

107. Ms. Browning demands a jury trial in this case.

## Request For Relief

108. *Ms. Browning requests that this Honorable Court grant the following relief:*

   a. *Assume jurisdiction over this case including all supplemental claims.*

   b. *Actual damages for items including emotional distress, mental anguish, frustration, humiliation, and embarrassment.*

   c. *Statutory and punitive damages.*

   d. *Statutory costs and attorney fees.*

Respectfully Submitted,

LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC

By: /s/ Carl Schwartz
Carl Schwartz (P-70335)
Attorney for Tameka Browning
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
carl@michiganconsumerlaw.com

Dated: March 24, 2016